## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| LANDCASTLE ACQUISITION CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | |
| | ) | 2:17-cv-00275-RWS |
| RENASANT BANK, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Landcastle Acquisition Corp. ("Landcastle"), and for its Complaint shows the Court as follows:

### Parties, Jurisdiction and Venue

1.

Defendant Renasant Bank  ("Renasant") is a foreign banking corporation organized under the laws of Mississippi with its principal place of business in Mississippi.   Renasant is registered to do business in Georgia and operates banks in Georgia.

2.

Renasant can be served with process upon its registered agent, Ken Davis, at 275 S. Main Street, Alpharetta, Fulton County, Georgia  30009.

3.

In 2010, Renasant acquired substantially all of the assets and liabilities of Crescent Bank and Trust Company, a bank chartered under the laws of Georgia with its principle place of business in Jasper, Pickens County, Georgia ("Crescent"), which acquisition was made pursuant to the purchase and assumption agreement between Renasant and the FDIC following the FDIC's closing of Crescent and the placement of same into receivership.

4.

The claims asserted herein arise from Renasant's post-receivership actions in October of 2014 regarding a certificate of deposit originally issued by Crescent.

5.

On October 10, 2017, the FDIC provided to this Plaintiff's counsel a "Notice to Discovered Claimant to Present Proof of Claim."

6.

Pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 codified at 12 U.S.C. § 1821 ("FIRREA"), on October 23, 2017,

Landcastle timely filed with the FDIC its claim which forms the subject matter of this lawsuit.

7.

On November 8, 2017, the FDIC denied Landcastle's claim.

8.

Within sixty (60) days of the FDIC's denial of the claim, Landcastle timely filed the instant lawsuit pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii).

9.

Landcastle has exhausted its administrative remedies pursuant to FIRREA.

10.

This court has subject matter jurisdiction pursuant to FIRREA's provisions at 12 U.S.C. § 1821(d)(6)(A)(ii).

11.

The failed institution's principle place of business was in Jasper, Pickens County, Georgia, and therefore venue and jurisdiction are proper in this Court pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii).

## FACTS

### 12.

On December 30, 2009, Crescent issued to the law firm of Morris Hardwick Schneider, LLC, a non-negotiable and non-transferrable certificate of time deposit, certificate number 55529696 in the principal amount of $631,276.71 (a true and correct copy of that CD is attached hereto as Exhibit 1 and incorporated by reference herein; the "MHS CD").

### 13.

On that same day, Nathan Hardwick, who was then a partner at MHS, obtained a personal loan from Crescent in the principal amount of $631,276.71. Nathan Hardwick was the only debtor on the note. Other than a bank representative, Nathan Hardwick is the only signatory to the note. (A true and correct copy of the note is attached hereto as Exhibit 2 and incorporated by reference herein; the "Hardwick Note").

### 14.

On that same day, Nathan Hardwick purported to execute on behalf of MHS a hypothecation agreement that purportedly pledged MHS's CD as collateral for Nathan Hardwick's personal loan. Nathan Hardwick was the only signatory to the hypothecation agreement. No other purported representative of MHS executed the

hypothecation agreement.  (A true and correct copy of the hypothecation agreement is attached hereto as Exhibit 3 and incorporated by reference herein;  the "Hypothecation Agreement").

15.

On the same day, Nathan Hardwick purported to execute on his own behalf a commercial security agreement that purported to grant Crescent a security interest in MHS's CD.  Other than a bank representative, Nathan Hardwick is the only signatory to the commercial security agreement.   (A true and correct copy of the commercial security agreement is attached hereto as Exhibit 4 and incorporated by reference herein; the "Commercial Security Agreement").

16.

Although the MHS CD was the property of MHS and not of Nathan Hardwick, the Commercial Security Agreement only purports to be executed by Nathan Hardwick in his individual capacity and does not purport to be executed by MHS.

17.

On that same day, Nathan Hardwick purported to execute on behalf of MHS an assignment of deposit or share account that purportedly assigned to Crescent a security interest in MHS's CD.   Other than a bank representative, Nathan

Hardwick is the only signatory to the assignment.   No other purported representative of MHS executed the assignment.  (A true and correct copy of the assignment is attached hereto as Exhibit 5 incorporated by reference herein; the "Assignment").

18.

Nathan Hardwick purportedly signed the Hypothecation Agreement and the Assignment as MHS's managing member.   Nathan Hardwick was not MHS's managing member.  The sole member of MHS was MHSLAW, P.C.

19.

Nathan Hardwick was only one of three managers of MHS.  None of the other managers executed the Hypothecation Agreement, the Assignment or the Commercial Security Agreement.

20.

The operating agreement of MHS prohibited any manager from creating, incurring, assuming or guaranteeing any expenses or indebtedness other than expenses or accounts payable arising in the ordinary course of business and not exceeding $10,000.00 without an affirmative vote of the member of MHS.

21.

The by-laws of MHS's member, MHSLAW, P.C., prohibited the directors from causing the company to create, incur, assume or guarantee any expense or indebtedness other than expenses or accounts payable arising in the ordinary course of business and not exceeding $10,000.00 without the affirmative vote of the majority of the shareholders entitled to cast a vote.

22.

There was no affirmative vote of the majority of the shareholders of MHSLAW, P.C. to authorize the Hypothecation Agreement, the Assignment or the Commercial Security Agreement.

23.

MHSLAW, P.C. did not authorize the Hypothecation Agreement, the Assignment or the Commercial Security Agreement.

24.

MHS did not authorize the Hypothecation Agreement, the Assignment or the Commercial Security Agreement.

25.

On December 30, 2009, Nathan Hardwick purported to unilaterally execute a "Resolution of Corporation, Partnership & LLCS [sic]."  (A true and correct copy

of that document is attached hereto as Exhibit 6 and incorporated by reference herein; the "Resolution").

26.

No other purported representative of MHS or MHSLAW, P.C. executed the Resolution.

27.

The Resolution is not witnessed or attested.

28.

The Resolution makes no reference to the pledge of the MHS CD as collateral for a personal loan to Nathan Hardwick.

29.

The Resolution does not authorize the pledge of the MHS CD as collateral for the personal loan of Nathan Hardwick.

30.

The Resolution expressly provides that if words or phrases are preceded by a box, those words or phrases are applicable only if the box is marked.  None of the boxes preceding the words or phrases purporting to grant Nathan Hardwick authority to act are marked.

31.

The Resolution is void on its face.

32.

Nathan Hardwick's unilateral execution of instruments to pledge a limited liability company's assets for his own personal loan and benefit was not the execution of an instrument for apparently carrying on in the usual way the business and affairs of MHS, and therefore, pursuant to O.C.G.A. § 14-11-301, Nathan Hardwick had neither apparent nor actual authority to pledge the MHS CD as collateral for his personal loan.

33.

The Hypothecation Agreement, the Assignment and the Commercial Security Agreement are void on their face.

34.

The banking records maintained by Crescent and Renasant demonstrate on their face that MHS did not pledge the MHS CD as collateral for the Hardwick Note.

35.

The banking records maintained by Crescent and Renasant demonstrate on their face that neither Crescent nor Renasant held any interest, right, lien or encumbrance in the MHS CD.

36.

In or about October, 2014, Renasant learned that Nathan Hardwick had resigned from MHS under allegations of the misappropriation of funds and that MHS had sued Hardwick alleging that he had diverted funds in excess of tens of millions of dollars.

37.

On or about October 29, 2014, with knowledge of Nathan Hardwick's resignation under allegations of the misappropriation of funds and of pending litigation against Nathan Hardwick relating to same, Renasant liquidated the MHS CD and retained same in full or partial satisfaction of Nathan Hardwick's personal debts owed to Renasant.

38.

The value of the MHS CD at the time of liquidation was $641,867.55.

39.

MHS is the subject of a plan of liquidation pursuant to those bankruptcy proceedings pending in the United States Bankruptcy Court, Eastern District of

Virginia, Richmond Division (Case No. 15-33370).  Landcastle is the assignee of recoupment claims of MHS, including but not limited to the claims asserted in this lawsuit, which assignment has been approved and confirmed by order of that bankruptcy court at docket numbers 425 and 1074.

## COUNT I - CONVERSION

40.

Renasant's liquidation of the MHS CD constitutes an unauthorized assumption and exercise of a right of ownership and act of dominion over the MHS CD, which acts were inconsistent with MHS's right of title and possession in the MHS CD.

41.

Despite demand therefor, Renasant has refused to return the MHS CD.

42.

Renasant has converted the MHS CD.

43.

By reason of Renasant's conversion of the MHS CD, Landcastle is entitled to recover the value of the MHS CD in the amount of $641,867.55 plus pre-judgment interest accruing thereon.

## COUNT II – MONEY HAD AND RECEIVED

44.

Landcastle asserts this claim in Count II in the alternative to that claim set forth in Count I.

45.

Landcastle incorporates and realleges the allegations contained in Paragraphs 1-39 as though fully set forth herein.

46.

By liquidating the MHS CD and retaining the funds represented thereby, Renasant obtained $641,867.55, which in equity and in good conscience it should not retain but should deliver to Landcastle.

47.

Renasant is liable to Landcastle under the doctrine of money had and received in the total amount of $641,867.55 plus pre-judgment interest accruing thereon.

## COUNT III – EXPENSES OF LITIGATION

48.

Landcastle incorporates and realleges the preceding paragraphs as though fully set forth herein.

49.

Renasant has acted in bad faith, been stubbornly litigious, and has caused Landcastle unnecessary trouble and expense thereby entitling Landcastle to the recovery of its expenses of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**,  having fully set forth its complaint for damages against Defendant Renasant Bank, Landcastle prays that this Court grant the following:

(a)    That this Court grant judgment in favor of Landcastle on Count I in the total amount of $641,867.55, plus pre-judgment interest accruing thereon;

(b)    In the alternative to Count I, that this Court grant judgment in favor of Landcastle on Count II in the amount of $641,867.55, plus pre-judgment interest accruing thereon; and

(c)    That this Court grant judgment in favor of Landcastle on Count III for its expenses of litigation, including attorney's fees, in an amount to be determined.

**Plaintiff demands a trial by jury**.

Respectfully submitted this 12th day of December, 2017.


                                          **SMITH GAMBRELL & RUSSELL,**
                                          **LLP**

                                          */s/ Edward D. Burch, Jr.*
                                          Edward D. Burch, Jr.
                                          Georgia Bar No. 094710
                                          David C. Newman
Promenade, Suite 3100                     Georgia Bar No. 541148
1230 Peachtree Street N.E.                Benjamin E. Reed
Atlanta, Georgia 30309-3592               Georgia Bar No. 719210
(404) 815-3500 Telephone                  eburch@sgrlaw.com
(404) 815-3509 Facsimile                  dnewman@sgrlaw.com

                                          *Attorneys for Plaintiff Landcastle*
                                          *Acquisition Corp.*